IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 06-cv-00192-WYD-PAC

QFA ROYALTIES LLC and
QIP HOLDER LLC,

       Plaintiffs,

v.

FLASH MART, INC.,
SAEED MAHBOUBI
and HAMID REZAIE,

       Defendants.

## TEMPORARY RESTRAINING ORDER

THIS MATTER is before the Court on Plaintiffs' Motion for Temporary Restraining Order.  A hearing was held on the motion on Wednesday, February 8, 2006. The Court, having considered the motion and the Plaintiffs' legal arguments and being fully advised in the premises, **GRANTS** Plaintiff's motion and issues the following Temporary Restraining Order.

**FACTS:**

1. This action arises out of a written Franchise Agreement allegedly entered into by and between Plaintiffs QFA Royalties LLC and QIP Holder LLC ("Quizno's")  and Defendant Flash Mart, Inc ("FLASH MART") for operation of Quiznos Sub restaurant number 1892.  Pursuant to the Franchise Agreement, FLASH MART was granted the right, subject to the terms and conditions of the Franchise Agreement, to operate a Quizno's Sub Restaurant number 1892 in Dallas, Texas.  Saeed Mahboubi and Hamid

Rezaie were the owners of FLASH MART and both signed a personal guaranty in which they guaranteed all of FLASH MART's obligations under the Franchise Agreement.

2. Venue is proper in the United States District Court for the District of Colorado as provided in paragraph 21.1 of the Franchise Agreement.

3. Plaintiffs allege that FLASH MART failed to comply with the lawful provisions of the Franchise Agreement and that FLASH MART failed and refused to cure its defaults; that Quizno's terminated the Franchise Agreement effective January 6, 2006, consistent with the express terms of the written Franchise Agreement; that following termination all Defendants were required, *inter alia*, to cease operating as a Quizno's franchisee and identifying themselves as a Quizno's franchisee with respect to Quizno's Sub restaurant number 1892, to cease using Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names, to de-identify the former restaurant by removing the Quizno's Marks, trade dress, signs and symbols and to refrain from operating a competing deli-type restaurant from FLASH MART's former location or within five miles of any other Quizno's franchisee.

4. Plaintiffs further allege that notwithstanding the termination of the Franchise Agreement and Quizno's demand that each Defendant cease using Quizno's trademarks and service marks, FLASH MART and its agents continue to hold themselves out to the public as an authorized franchisee of Quizno's, passing off the restaurant as being sponsored by, affiliated with, or endorsed by Quizno's. In particular, Plaintiffs allege that FLASH MART and its agents are using the Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names in connection with the operation of a competing deli-type restaurant at the same location as the former Quizno's

Restaurant, and that FLASH MART and its agents are also using Quizno's confidential and proprietary information by selling to the public food using Quizno's recipes, sauces and products.

**ANALYSIS:**

In light of the allegations made by Plaintiffs in their motion and the related declarations of persons with knowledge of the alleged facts and circumstances, I find that, if the allegations are true, Plaintiffs have established a reasonable likelihood of success on the merits of their claims for trademark infringement and unfair competition under the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a) and breach of contract.  I further find that the injury to Plaintiffs in the form of consumer confusion and injury to the franchise name and Marks, among other things, would be irreparable.  I further find that Plaintiffs have established that this threatened injury outweighs any harm the restraining order will cause the Defendants and that this restraining order is not adverse to the public interest.  Therefore, I find that the following restraining order should be granted.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Defendants, their agents, servants and employees, and those people in active concert or participation with them are temporarily restrained from the following at the location of the former Quiznos Sub restaurant number 1892:

    a.  Using Quizno's Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

    b.  Otherwise infringing Quizno's Marks or using any similar designation, alone or in combination with any other components;

      c. Passing off any of their products or services as those of Quizno's or its authorized franchisees;

      d. Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their businesses, products or services;

      e. Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Quizno's and its franchisees or any of Quizno's products or services.  It is

**FURTHER ORDERED** that Defendants must immediately remove all signs and sign facings from the location of the former Quiznos Sub restaurant number 1982. Further, Defendants must immediately take any and all necessary steps to cancel and/or transfer to Quizno's any telephone numbers associated with Quizno's or the Marks used in connection with the operation of Defendants' former Quiznos Sub Restaurant; and return to Quizno's all operating manuals and other materials provided to Defendants in connection with the operation of their former Quiznos Sub Restaurant, and all materials bearing any of the Marks.  Defendants must also promptly eliminate their advertising under the Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings.  It is

**FURTHER ORDERED** that Plaintiff's Motion for Temporary Restraining Order is **GRANTED** consistent with this Order.  It is

**FURTHER ORDERED** that a hearing on Quizno's Motion for Preliminary Injunction is set for **March 9, 2006 at 1:30 p.m.**  It is

**FURTHER ORDERED** that Defendants' Response to the Motion for Preliminary Injunction must be filed on or before **Thursday, February 23, 2006.** It is

**FURTHER ORDERED** that Defendants shall file with the Court and serve upon Plaintiffs' counsel within ten (10) days after entry of this order issued herein, a written report, under oath, setting forth in detail the manner in which they have complied with such order. It is

**FURTHER ORDERED** that this Temporary Restraining Order will take effect upon the posting of a bond in the amount of $2,500. Finally, it is

**ORDERED** that Plaintiffs' counsel is ordered to immediately serve a copy of this Order on all Defendants.

Dated: February 9, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge