IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  06-cv-00192-WYD

QFA ROYALTIES LLC and
QIP HOLDER LLC,

       Plaintiffs,

v.

FLASH MART, INC.,
SAEED MAHBOUBI,
and HAMID REZAIE,

       Defendants.

## PERMANENT INJUNCTION AND ORDER

On this date, the Court considered the above-entitled and numbered cause of action between Plaintiffs QFA Royalties LLC and QIP Holder LLC ("Quizno's") and Defendants Flash Mart, Inc., Saeed Mahboubi and Hamid Rezaie ("Defendants"). Upon stipulation between Quizno's and Defendants, the Court hereby **GRANTS** the parties' Agreed Permanent Injunction Order.

**THE PARTIES HEREBY STIPULATE AS FOLLOWS:**

1.     This action arises out of a written Franchise Agreement entered into by and between Quizno's and Defendant Flash Mart, Inc ("Flash Mart").  Pursuant to the Franchise Agreement, FLASH MART was granted the right, subject to the terms and conditions of the Franchise Agreement, to operate Quiznos Sub Restaurant Number 1892 in Dallas, Texas.  Saeed Mahboubi and Hamid Rezaie were the owners of FLASH

MART and both signed a personal guaranty in which he guaranteed all of FLASH

MART's obligations under the Franchise Agreement.

2.       Venue is proper in the United States District Court for the District of Colorado as

provided in paragraph 21.1 of the Franchise Agreement.

3.       Plaintiffs allege that FLASH MART failed to comply with the lawful provisions of

the Franchise Agreement and that FLASH MART failed and refused to cure its defaults;

that Quizno's terminated the Franchise Agreement effective January 6, 2006,

consistent with the express terms of the written Franchise Agreement; that following

termination all Defendants were required, *inter alia*, to cease operating as a Quizno's

franchisee and identifying themselves as a Quizno's franchisee, to cease using

Quizno's Marks, trade secrets, trade dress, signs, symbols and trade names, to de-

identify the former restaurant by removing the Quizno's Marks, trade dress, signs and

symbols and to refrain from operating a competing deli-type restaurant from FLASH

MART's former location.

4.       Plaintiffs further allege that notwithstanding the termination of the Franchise

Agreement and Quizno's demand that each Defendant cease using Quizno's

trademarks and service marks, FLASH MART and its agents continued to hold

themselves out to the public as an authorized franchisee of Quizno's, passing off the

restaurant as being sponsored by, affiliated with, or endorsed by Quizno's.  In

particular, Plaintiffs allege that FLASH MART and its agents were using the Quizno's

Marks, trade secrets, trade dress, signs, symbols and trade names in connection with

the operation of a competing deli-type restaurant at the same location as the former

Quizno's Restaurant, and that FLASH MART and its agents used Quizno's confidential

and proprietary information by selling to the public food using Quizno's recipes, sauces and products.

5.      In order to avoid the cost, expense and time involved in litigating these issues, Defendants have agreed to the entry of this Agreed Permanent Injunction against them.

6.      Defendants hereby waive any and all claims that this permanent injunction was improperly entered.

7.      Accordingly, Defendants agree not to own or operate any competing business, as defined in the Franchise Agreement, at the location of Flash Mart's former Quiznos Sub Restaurant Number 1892 for a period of two years, to cease using Quizno's proprietary Marks, trade secrets, trade dress, signs, symbols and trade names and to remove the same from the location of Flash Mart's former Quiznos Sub Restaurant Number 1892.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

Defendants, their agents, servants and employees, and those people in active concert or participation with him are enjoined from the following at the former Quiznos Sub Restaurant Number 1892:

a.      Using Quizno's Marks or any trademark, service mark, logo or trade name that is confusingly similar to Quizno's Marks;

b.      Otherwise infringing on Quizno's Marks or using any similar designation, alone or in combination with any other components;

c.      Passing off any of their products or services as those of Quizno's or its authorized franchisees;

d.        Causing a likelihood of confusion or misunderstanding as to the source or sponsorship of their businesses, products or services;

e.        Causing a likelihood of confusion or misunderstanding as to their affiliation, connection or association with Quizno's and its franchisees or any of Quizno's products or services; and

f.        Unfairly competing with Quizno's or its franchisees in any manner.

**THE COURT FURTHER** orders that Defendants must immediately remove all internal signs and remove or cover all exterior signs and sign facings so that they can not be seen from the location of the former Quiznos Sub restaurant and that within 30 days from this order they must cause all signs and sign facings to be removed and returned to Quizno's.  Further, Defendants must immediately take any and all necessary steps to cancel and/or transfer to Quizno's and/or cause all references to any telephone numbers in any directories associated with Quizno's or the Marks used in connection with the operation of Defendants' former Quiznos Sub Restaurant to be discontinued; and return to Quizno's all operating manuals and other materials provided to Defendants in connection with the operation of their former Quiznos Sub Restaurant, and all materials bearing any of the Marks.  Defendants must also promptly eliminate their advertising under the Marks or any other confusingly similar designations from all media including, but not limited to, newspapers, flyers, coupons, promotions, signs, telephone books, telephone directory assistance listings and mass mailings.

Defendants shall file with the Court and serve upon Plaintiffs' counsel within thirty-five (35) days after entry of this order issued herein a written report, under oath, setting forth in detail the manner in which they have complied with such order.

**THE COURT FURTHER** enjoins Defendants, their agents, servants and employees, and those people in active concert or participation with him for a period of two years, beginning on January 6, 2006, from operating a competing business at the location of the former Quiznos Sub Restaurant Number 1892 and will refrain from the sale of  submarine, hoagie and/or deli-style sandwiches at Flash Mart's former Quiznos Sub Restaurant Number 1892.

**IT IS FURTHER ORDERED** that the bond in the amount of $2,500 posted by Plaintiffs in support of the Temporary Restraining Order is hereby released.

Dated:  April 13, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge